UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Clara R. Smit (NJ #060086)
**The Law Office of Clara R. Smit**
100 Horizon Center Blvd.
Hamilton, New Jersey 08691
732-843-6600
crsmitlaw@aol.com
Attorney for Plaintiff

---------------------------------------------------x
SCOTT BIRNBAUM,                                 :
an individual,                                  :    CASE NO.:
                                                :
        Plaintiff,                              :
                                                :
vs.                                             :
                                                :
                                                :
                                                :
ASHWOOD REALTY, LLC and                         :
WIGS BY BARBARA LLC,                            :
                                                :
        Defendants.                             :
---------------------------------------------------x

## COMPLAINT

Plaintiff, SCOTT BIRNBAUM, by and through his undersigned counsel, hereby files this Complaint and sues ASHWOOD REALTY, LLC and WIGS BY BARBARA LLC (hereinafter referred to as "DEFENDANTS"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-5, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the

"ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, SCOTT BIRNBAUM, (hereinafter referred to as "MR. BIRNBAUM"), is a resident of Union County, New Jersey. MR. BIRNBAUM resides at 41 Hillside Avenue, Springfield, New Jersey.

4. MR. BIRNBAUM is a qualified individual with a disability under the ADA. MR. BIRNBAUM has been diagnosed with spina bifida.

5. Due to his disability, MR. BIRNBAUM is substantially impaired in several major life activities and requires a wheelchair for mobility. Specifically, MR. BIRNBAUM is unable to walk, stand, or use his legs without assistance.

6. Upon information and belief, WIGS BY BARBARA LLC (hereinafter referred to as "WIGS BY BARBARA") is a limited liability company organized in the State of New Jersey and authorized to do and doing business in Union County, New Jersey.

7. Upon information and belief, ASHWOOD REALTY, LLC (hereinafter referred to as "ASHWOOD REALTY") is a limited liability company organized in the State of New Jersey and authorized to do and doing business in Union County, New Jersey.

8. Upon information and belief, WIGS BY BARBARA can be contacted at its registered agent located at:

> c/o Barbara Paolercio
> 8 Spring Hill Drive
> West Orange, New Jersey 07052

9. Upon information and belief, ASHWOOD REALTY can be contacted at its registered

agent located at:

> c/o Robert Dattilo
> 552 Ashwood Road
> Springfield, New Jersey 07081

10. Upon information and belief, WIGS BY BARBARA is one of the lessees and/or operators of the real properties and improvements which is the subject of this action, to wit: Mountain Plaza shopping center located at 771-779 Mountain Ave, Springfield, New Jersey 07081 (hereinafter referred to as "the Property").

11. Upon information and belief, ASHWOOD REALTY is the owner and lessor of the Property.

12. Upon information and belief, DEFENDANTS operate the Property under Title III of the ADA.

13. DEFENDANTS are obligated to comply with the ADA.

14. All events giving rise to this lawsuit occurred in Union County, New Jersey.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

15. MR. BIRNBAUM realleges and reavers Paragraphs 1 - 14 as if they were expressly restated herein.

16. The Property is a place of public accommodation, subject to the ADA, generally located at: 771-779 Mountain Ave, Springfield, New Jersey 07081.

17. Upon information and belief, MR. BIRNBAUM has visited Property and desires to visit the Property again in the near future.

18. On or about June 3, 2019, MR. BIRNBAUM visited the Property to get his hair cut at

      Encore Barber Shop, which is located at the southern end of the Property. After receiving his haircut, MR. BIRNBAUM wished to visit the Rye Deli, which is located on the northern end of the Property.

19. When MR. BIRNBAUM attempted to travel in his wheelchair from the southern end to the northern end, his pathway was blocked by several large potted plants in front of the Wigs by Barbara store that are located on the accessible route.

20. MR. BIRNBAUM informed the owner/agent of Wigs by Barbara that the plants were blocking his access to the Rye Deli, in violation of Federal Law.

21. The owner/agent of Wigs by Barbara then yelled at MR. BIRNBAUM, that he did not care about the law, using an expletive.

22. Despite this, the owner/agent of Wigs by Barbara moved the potted plants closer to the outside wall of the Property. However, these potted plants were still in the accessible route, causing MR. BIRNBAUM great difficulty in accessing the Rye Deli. MR. BIRNBAM nearly fell off the Property's promenade trying to avoid the potted plants that had already been moved.

23. On or about August 22, 2019, MR. BIRNBAUM returned to the Property for another haircut. <u>This time he personally observed that even more potted plants were placed on the Property's accessible route in front of the Wigs by Barbara store</u>, blocking his path to the Rye Deli.

24. On or about September 5, 2019, MR. BIRNBAUM returned to the Property to drop off his dry cleaning at Springfield Cleaners.

25. After dropping off his clothes, he attempted to again travel past the Wigs by Barbara store to access the Rye Deli. Again, there were large potted plants blocking his path. MR.

BIRNBAUM requested that Lilly from Springfield Cleaners assist him in passing the potted plants. However, even with assistance, MR. BIRNBAUM'S right wheels fell of the edge, causing his wheelchair to topple over with MR. BIRNBAUM still on it, causing injury.

26. Upon falling Matt Joost from the Rye Deli assisted MR. BIRNBAUM up off the ground.

27. MR. BIRNBAUM intends to return to the Property to pick up his laundry from Springfield Cleaners, and to get more haircuts from Encore Barber Shop.

28. MR. BIRNBAUM experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in Paragraph 28.

29. MR. BIRNBAUM continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 28.

30. MR. BIRNBAUM lives within a close geographic proximity of the Property. MR. BIRNBAUM lives one (1) mile from the Property.

31. MR. BIRNBAUM intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

32. Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

   I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

   A. The accessible route from the accessible-designated parking space to the entrance of the Rye Deli located at the Property is blocked

        by potted plants in front of tenant space leased by WIGS BY BARBARA, making the route too narrow for a wheelchair user to navigate to enter all of the stores the Property;

    B.    There is no curb cut at the Property; and

    C.    Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property.

33. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

34. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

35. Upon information and belief, removal of the barriers to access located on the Property would provide MR. BIRNBAUM with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

36. MR. BIRNBAUM continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 23 are removed.

37. MR. BIRNBAUM intends to and will visit the Property to utilize the goods and services in the future, but fears that DEFENDANTS will continue to discriminate against him by failing to bring its Property into an accessible condition.

38. MR. BIRNBAUM has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. BIRNBAUM is entitled to have his reasonable attorneys' fees, costs, and litigation expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

**COUNT II - VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION**

39. Plaintiff realleges all prior obligations as if fully set forth herein. Plaintiff repeats the allegations contained in all of the proceeding paragraphs.

29. Defendants' facility is a place of public accommodation as defined by N.J.S.A. 10:5-5, (New Jersey Law Against Discrimination). New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right. (See, N.J.S.A. 10:5-4.).

30. As a result of the aforementioned discrimination, MR. BIRNBAUM has sustained emotional distress, mental anguish and suffering, and invasion of his civil rights, in violation of the New Jersey Law Against Discrimination.

WHEREFORE, MR. BIRNBAUM demands judgment against DEFENDANTS, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANTS is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the

full extent required by Title III of the ADA;

C. That this Court enter an Order awarding MR. BIRNBAUM damages, as provided for under N.J.S.A. 10:5-5;

D. That this Court enter an Order directing DEFENDANTS to provide accessible policies and procedures related to disabled patrons and customers;

E. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. BIRNBAUM; and

F. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

s/Clara R. Smit
Clara R. Smit (NJ # 060086)
**The Law Office of Clara R. Smit**
100 Horizon Center Blvd.
Hamilton, New Jersey 08691
732-843-6600
crsmitlaw@aol.com
Attorney for Plaintiff